POSNER, Circuit Judge.
 

 This appeal by a state prisoner from the denial of his application for habeas corpus raises a subtle question concerning the statutory requirement of exhausting state remedies. 28 U.S.C. § 2254(b). The prisoner seeks the restoration of 243 days of credit for good time that were taken away from him in a series of prison disciplinary proceedings that he claims denied him due process of law. Under regulations promulgated by the Indiana Department of Corrections, a prisoner can appeal a disciplinary decision that deprives him of good-time credits to higher prison authorities but he must do so within ten days, which Markham did not do. Rejecting his arguments that exhaustion of his prison administrative remedies would have been futile because the appeal procedures are inadequate for the presentation of his due process claims and that ten days was too short a deadline for taking an appeal, the district court held that Markham had waived those claims, and dismissed his case.
 

 There are two questions: whether a state prisoner is required to exhaust state administrative as well as judicial remedies, and what happens if he fails to do so.
 

 Section 2254(b) is explicit about- the exhaustion of
 
 judicial
 
 remedies: “An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.” In states in which the rejection of a prisoner’s claim for an administrative remedy is appealable to a state court, exhaustion of state judicial remedies entails exhaustion of the administrative remedies that are the precondition for seeking those judicial remedies. We cannot find a case so holding, perhaps because the point is obvious. Several state cases so hold with respect to state habeas corpus.
 
 Aschan v. State,
 
 446 N.W.2d 791 (Ia.1989);
 
 Griggs v. Wainwright,
 
 473 So.2d 49 (Fla.App.1985);
 
 Highman v. Marquez,
 
 5 Kan.App.2d 158, 613 P.2d 394 (1980). The present case is different because Indiana does not provide any judicial remedy to a person who loses his appeal to the prison authorities from a disciplinary sanction.
 

 We do not think “courts” in section 2254(b) should be interpreted as being limited to tribunals presided over by persons who are called judges and wear robes. We think the term as it appears in this statute should be read to embrace any tribunal that provides available and effective corrective process, as was held in
 
 Lerma v. Estelle,
 
 585 F.2d 1297 (5th Cir.1978) (per curiam). See also
 
 Baxter v. Estelle,
 
 614
 

 
 *995
 
 F.2d 1030, 1031 (5th Cir.1980);
 
 Jackson v. Carlson,
 
 707 F.2d 943, 949 (7th Cir.1983) (dictum). How states carve up adjudicative functions between courts and agencies is in general and in this particular no business of the federal courts, for the Constitution does not prescribe any particular allocation or separation of powers among the states.
 
 Highland Farms Dairy, Inc. v. Agnew,
 
 300 U.S. 608, 612, 57 S.Ct. 549, 551, 81 L.Ed. 835 (1937);
 
 Mayor v. Educational Equality League,
 
 415 U.S. 605, 616 and n. 13, 94 S.Ct. 1323, 1331 and n. 13, 39 L.Ed.2d 630 (1974);
 
 Whalen v. United States,
 
 445 U.S. 684, 689 n. 4, 100 S.Ct. 1432, 1436 n. 4, 63 L.Ed.2d 715 (1980);
 
 United Beverage Co. v. Indiana Alcoholic Beverage Comm’n,
 
 760 F.2d 155, 158 (7th Cir.1985);
 
 Coniston Corp. v. Village of Hoffman Estates,
 
 844 F.2d 461, 468-69 (7th Cir.1988);
 
 Spencer v. Lee,
 
 864 F.2d 1376, 1379 (7th Cir.1989) (en banc);
 
 Alleghany Corp. v. Haase,
 
 896 F.2d 1046, 1053 (7th Cir.1990), vacated as moot under the name of
 
 Dillon v. Alleghany Corp.,
 
 — U.S. —, 111 S.Ct. 1383, 113 L.Ed.2d 441 (1991);
 
 Chicago Observer, Inc. v. City of Chicago,
 
 929 F.2d 325, 328 (7th Cir.1991);
 
 Risser v. Thompson,
 
 930 F.2d 549, 552 (7th Cir.1991). If one state wants to use an administrative body where another state would use a conventional “court,” its choice is a matter of indifference from the standpoint of the principles of federalism and comity that underlie section 2254(d). Féderal prisoners are required (by judicial rule, not statute) to exhaust their administrative remedies before they can seek relief under the federal prisoners’ habeas corpus surrogate, 28 U.S.C. § 2255.
 
 Sanchez v. Miller,
 
 792 F.2d 694, 697 (7th Cir.1986);
 
 Jackson v. Carlson, supra,
 
 707 F.2d at 949. The case for exhaustion of administrative remedies by state prisoners is stronger. Federal courts should not intrude into the relations between a state and its convicted criminals until the state has had a chance to correct its own mistakes. Indiana has established a corrective process for prisoners aggrieved by disciplinary sanctions; we hold that prisoners must use it before turning to the federal courts. Our conclusion is reinforced by 28 U.S.C. § 2254(c), which provides that “an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [section 2254(b) ], if he has the right under the law of the State to raise,
 
 by any available procedure,
 
 the question presented” (emphasis added). There is no limitation to judicial procedure.
 

 All this assumes that the state corrective process, though administrative rather than judicial in form, is adequate — implying accessibility as well as efficacy — to give the prisoner the relief he might get in federal habeas corpus. That much is explicit in the second clause of section 2254(b) (“or that ... ”). But the assumption is proper here. Whether or not the prison authorities would have entertained a constitutional challenge as such, they are committed to enforcing procedural regulations that if complied with would give the prisoner even more process than is due him under the Constitution. A ten-day deadline for appeals cannot be considered unreasonable, as it is the same as the deadline for appeals from federal criminal convictions. Fed. R.App.P. 4(b).
 

 It is four years since the disciplinary proceedings of which Markham complains. No one supposes that he can go back to the prison authorities and persuade them to hear an appeal so untimely. He therefore has exhausted his administrative remedies in the sense that there is no more he can do to obtain such a remedy.
 
 Farrell v. Lane,
 
 939 F.2d 409, 410-11 (7th Cir.1991). But exhaustion by forfeiture does not clear the way for habeas corpus. When an applicant for federal habeas corpus has forfeited his state remedies by failing to comply with the procedural requirements for such remedies, he is barred from obtaining relief from the federal court.
 
 Wainwright v. Sykes,
 
 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977);
 
 Farrell v. Lane, supra,
 
 939 F.2d at 411;
 
 United States ex rel. Simmons v. Gramley,
 
 915 F.2d 1128, 1132 (7th Cir.1990). The test is therefore whether the procedural default (here a failure to make a timely appeal) would bar appeal within the state system.
 
 Lane v. Richards,
 
 957 F.2d 363, 366 (7th
 
 *996
 
 Cir.1992);
 
 Nutall v. Greer,
 
 764 F.2d 462, 464 (7th Cir.1985).
 

 These and the many similar cases that could be cited on the point are all, it is true, cases in which the prisoner booted his state
 
 judicial
 
 remedies. But this can make no difference if we are right that the classification of remedies as judicial or administrative is no business of the federal courts. Markham points out that no decision by an Indiana state court prescribes forfeiture of federal remedies by reason of failing to take a timely administrative appeal in a prison disciplinary case. Of course not; since there is no state judicial review in such a case, no state court — no
 
 conventional
 
 state court, that is — has had occasion to address the question, or indeed could address it. The relevant appellate tribunal in this case is administrative rather than judicial. It is the prison authority to which Markham could have appealed his disciplinary sanctions within ten days of their imposition. He concedes that this authority will not hear his appeal because he failed to comply with the ten-day deadline. “When a state would treat complete failure to present a claim as forfeiture, ... the federal court may enforce the state’s bar on collateral review.”
 
 Lane v. Richards, supra,
 
 957 F.2d at 366, quoting
 
 Reese v. Peters,
 
 926 F.2d 668, 671 (7th Cir.1991). That is this case, the only novelty being that the appellate tribunal which would treat the prisoner’s claim as forfeited because not presented in time is administrative rather than judicial.
 

 Affirmed.