59 F.3d 173
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Tracy JONES, Petitioner-Appellant,
v.
Norman OWENS, Respondent-Appellee.
 No. 94-1310.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1995.*
Decided June 21, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Tracy Jones, a prisoner of Indiana, gave urine samples that tested positive for drugs. The prison's Conduct Adjustment Board then withdrew some of his good time credits and reduced his credit-earning class. This increase in the effective length of confinement is a form of custody amenable to challenge under 28 U.S.C. Sec.2254, and Jones asked the district court to restore the good time credits. The judge declined, principally because Jones had neglected his administrative appeals.
 
 
 2
 Markham v. Clark, 978 F.2d 993 (7th Cir. 1992), holds that prisoners who want to upset decisions of disciplinary boards must pursue their opportunities through the administrative hierarchy. This requirement, called "exhaustion of administrative remedies" after the custom of administrative law, should not be confused with the "exhaustion" requirement in Sec.2254(b), (c). That statute requires prisoners to use state remedies still available to them. Because he did not take administrative appeals, Jones has no such remedies and therefore has satisfied the exhaustion requirement of Sec.2254. But by neglecting the processes established by state law, Jones forfeited his entitlement to contest the Board's decision. As we concluded in Markham, 978 F.2d at 995-96, it is forfeiture, on the principles of Wainwright v. Sykes, 433 U.S. 72 (1977), that ultimately is fatal to the claim. Jones does not offer any cause for his forfeiture and therefore cannot take advantage of the cause-and-prejudice exception.
 
 
 3
 Jones did take administrative appeals with respect to one disciplinary action. It is not clear whether he renews his contest to this decision, but to leave no stone unturned we add that we agree with the district court's disposition of it. Jones believes that the prison lacked adequate cause to require him to submit a urine specimen. But Hudson v. Palmer, 468 U.S. 517 (1984), holds that prisoners lack privacy interests, and, as invasion of privacy is the basis for objecting to drug testing, prisoners cannot complain about it. Prisons have strong interests in detecting and curtailing illegal acts within their confines.
 
 
 4
 In light of this, it is mysterious that the district court issued a certificate of probable cause to appeal. The district court treated the application for habeas corpus as frivolous, rejecting it in a brief order without a hearing. Then the judge wrote that the case "present[s] substantial questions for review." The judge did not identify any such question, and the assertion is 180~ at variance with the court's analysis of the merits. The Supreme Court has held that a CPC should not issue unless there is a substantial question for appellate review. See Barefoot v. Estelle, 463 U.S. 880, 893 (1983); Lozada v. Deeds, 498 U.S. 430 (1991). Just as a judge who dismisses a claim as frivolous under 28 U.S.C. Sec.1915(d) should not then certify that an appeal is non-frivolous, see Tolefree v. Cudahy, 49 F.3d 1243 (7th Cir. 1995), so a judge who rejects a collateral attack as frivolous should not issue a certificate of probable cause--at least not without offering a strong explanation for the apparent self-contradiction. We trust that the district judge will give careful attention to the criteria of Barefoot v. Estelle in future cases.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record