66 F.3d 328
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nicholas BROADUS, Petitioner-Appellant,
v.
Herbert NEWKIRK,[1] Respondent-Appellee.
 No. 94-3578.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided Sept. 7, 1995.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Nicholas Broadus, an inmate, appeals the denial of his petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. He claims that his own mental incompetence and the ineffectiveness of his lay advocate excuse his procedural defaults. In two separate disciplinary actions heard on the same day, the prison's Conduct Adjustment Board found Broadus guilty of threatening another person and of being a habitual rule violator. In one of the actions, Broadus lost 23 days good time credit, and as a result of both, he suffered a combined reduction from credit class "I" to credit class "III." After failing to perfect his administrative appeals within the required time period, he filed his petition for habeas corpus relief, in which he set forth an array of claims.[2] The district court denied Broadus' petition on the grounds that he failed to comply with the mandate of Markham v. Clark, 978 F.2d 993 (7th Cir.1992). We affirm.
 
 
 2
 Although exhaustion of remedies was futile by the time that Broadus filed his federal petition for habeas corpus relief, his failure to timely file administrative appeals from these decisions resulted in the procedural default of his claims. Therefore, before his claims may be reviewed, Broadus must demonstrate cause and prejudice.[3] Id. at 995 (citing Wainwright v. Sykes, 433 U.S. 72 (1977)); see Farrell v. Lane, 939 F.2d 409, 411 (7th Cir.1991), cert. denied, 502 U.S. 944 (1991). Broadus attempts to excuse his defaults on the basis that he was mentally incompetent during the period in which he needed to appeal. In the district court, he alleged that due to the psychiatric counseling he was receiving and the "psychotropic medications" he was taking, he lacked sufficient mental competence to perfect his administrative appeal. He also later alleged a history of psychiatric care and of taking such medications during a prior period of incarceration. However, he provided no evidence to support his allegations, nor did he request an evidentiary hearing on the subject.
 
 
 3
 We need not decide in this case under what circumstances a petitioner's incompetency excuses him or her from a procedural default. See also United States ex rel. Lewis v. Lane, 822 F.2d 703, 705-06 (7th Cir.1987). In its July 27, 1992 order, the district court asked the State to address the issue of cause and prejudice, including Broadus' allegations of incompetence as they related to his need for a lay advocate. The State responded by denying that Broadus was incompetent, and it supplied evidentiary support for its position. Broadus did not provide any evidence to the contrary or request an evidentiary hearing. In its final order, the district court took "note of the record in this case including especially this court's Memorandum and Order of July 27, 1994," and it found that nothing in the evidence submitted by the State provided Broadus with a basis for relief. (R. 13.) The district court did not err in that determination. The evidence indicates that Broadus was not incompetent during the period in which he needed to perfect his administrative appeals.
 
 
 4
 Broadus also blames his lay advocate, Stephen Kurtz, who allegedly promised to timely file the appeal and did not. The State argues that since Broadus had no right, constitutional or statutory, to the lay advocate's assistance in perfecting his administrative appeal, he had no constitutional right that any such assistance rendered by Kurtz be effective. See United States v. Gouveia, 467 U.S. 180, 185 n. 1 (1984) ("[I]nmates have no right to retained or appointed counsel at prison disciplinary proceedings."). Therefore, the State concludes that since Broadus has not shown an independent constitutional violation created by the allegedly ineffective assistance of his lay advocate, any error by Kurtz does not constitute cause.[4]
 
 
 5
 Broadus relies solely upon a new constitutional theory on appeal that he did not present to the district court. In his memorandum of law to support his habeas corpus petition, Broadus claimed that the prison officials provided him with a lay advocate not of his choice in violation of Ind.Code Ann. Sec. 11-11-5-5 and prison regulations. He raised this issue largely as a violation of state law.[5] On appeal, by analogizing his alleged situation to instances mentioned in dictum in Wolff v. McDonnell, 418 U.S. 539, 570 (1974), Broadus claims that fundamental fairness requires mentally incompetent inmates like himself to have the constitutional right to the effective assistance of a lay advocate. In Wolff, the Supreme Court said that in special cases involving complex issues or an illiterate defendant, if prison officials forbid the inmate from seeking assistance from fellow inmates, then that inmate must be provided assistance at hearing from staff "or from a sufficiently competent inmate designated by the staff." Id.; see Miller v. Duckworth, 963 F.2d 1002, 1004 (7th Cir.1992) (narrowly construing Wolff 's dictum); cf. Vitek v. Jones, 445 U.S. 480, 496-97 (1980). Even assuming that he has not waived this argument, Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc., 991 F.2d 1249, 1258 (7th Cir.1993), the record does not support the allegations of incompetency upon which he bases it.
 
 
 6
 Broadus has failed to show cause for his procedural defaults or a fundamental miscarriage of justice. Therefore, we affirm the denial of Broadus' petition.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Superintendent Herbert Newkirk of the Maximum Control Complex has been substituted for former Superintendent Charles E. Wright pursuant to Fed.R.App.P. 43(c)
 
 
 [2]
 Broadus claimed (1) that he was not informed of his constitutional rights at the hearing, (2) that he lacked sufficient mental competence to participate in the hearing, (3) that he was denied the right to call witnesses, (4) that he was denied the right to confront and cross-examine witnesses by the committee, which did not expressly find a substantial risk of danger, (5) that he was denied the counsel of his choice, but was instead forced to accept a lay advocate, (6) that the decisions lacked the support of substantial evidence, and (7) that the committee failed to adequately articulate its factual findings and evidentiary basis
 
 
 [3]
 Although Broadus alleges that he filed an appeal, which was returned as untimely, the affidavit of the prison's Disciplinary Review Manager indicates no record of any such appeal. Either way, Broadus has defaulted
 
 
 [4]
 Cf. Coleman v. Thompson, 111 S.Ct. 2546, 2568 (1991) (holding that where petitioner had no constitutional right to counsel in pursuing his state habeas corpus suit, he could not rely on counsel's error in untimely filing of appeal as cause); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir.1991) ("Ineffective assistance of counsel 'supplies "cause" only when the Constitution requires the state to assure adequate legal assistance.' "), cert. denied, 112 S.Ct. 3002 (1992); cf. also Pennsylvania v. Finley, 481 U.S. 551, 557 (1987)
 
 
 [5]
 We note that in his response to the State's answer, when asserting that the fault of the lay advocate excused his default, Broadus cited "see Indiana Code Annotated [Sec.] 11-11-5-5, -7 (Burns 1988); Kentucky Department of Correction[s] v. Thompson, 490 U.S. 454, 109 S.Ct. 1904 (1989)." Apart from this bare citation to Thompson in passing, Broadus has made no argument at all in the district court or on appeal in relation to any due process rights allegedly created by the statute. We express no opinion as to how the Supreme Court's recent decision in Sandin v. Conner, 115 S.Ct. 2293 (1995), would affect such a claim if it had been sufficiently raised