89 F.3d 838
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Aaron E. ISBY, Petitioner-Appellant,
v.
Charles E. WRIGHT, et al., Respondents-Appellees.
 No. 94-3978.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 17, 1996.[1]
Decided June 19, 1996.
 
 Before POSNER, Chief Judge, and PELL, Jr. and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Aaron E. Isby, an Indiana state prisoner, filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, challenging procedural aspects of three different disciplinary proceedings. The district court denied the petition for writ of habeas corpus on the basis that no procedural due process violation occurred.
 
 
 2
 The disciplinary sanction imposed for both Isby's failure to obey repeated orders to turn on his cell light and assume a "cuff-up" position, and for "battery upon another person" were written reprimands and demotions from Class II to Class III. Isby has no liberty interest in not receiving a written reprimand or a class demotion, and thus the question of procedural due process is not relevant. See Sandin v. Connor, 115 S.Ct. 2293 (1995). Thus, we agree with the district court that the due process claim should be rejected, but on different grounds. See In re Scarlata, 979 F.2d 521, 525 n. 5 (7th Cir.1992) (court may affirm a dismissal on any ground consistent with the facts alleged).
 
 
 3
 The disciplinary sanction imposed for the third infraction, trying to hit a prison officer with his fist, was the loss of 30 days' telephone and recreation privileges and the loss of 45 days' earned time credit. Because loss of earned time credit affects the length of a sentence, we could proceed to address the issues raised in regard to these proceedings. Sandin, 115 S.Ct. at 2302. However, we find that Isby failed to pursue the available administrative remedies, see Markham v. Clark, 978 F.2d 993 (1992). Thus, we will not review the claims related to these disciplinary proceedings.
 
 
 4
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After a thorough examination of the briefs, the court has concluded that oral argument is unnecessary. The appeal is submitted on the parties' briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)