103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leon THOMAS, Petitioner-Appellant,
v.
Herbert NEWKIRK, Respondent-Appellee.
 No. 95-2570.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1996.*
Decided Nov. 25, 1996.
 
 Before MANION, ROVNER, and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 The Conduct Adjustment Board ("CAB") at the Westville Correctional Center ("Westville")[1] sanctioned Leon Thomas ("Thomas") after finding him guilty of hitting a prison correctional officer. Thomas sought relief from the district court pursuant to 28 U.S.C. § 2254 claiming that the disciplinary sanctions were imposed in violation of his constitutional rights. The district court denied his petition originally and on reconsideration finding that Thomas failed to exhaust his state administrative remedies. We affirm the district court's order because Thomas' claims are procedurally defaulted.
 
 
 2
 While imprisoned at Westville in November of 1989, Thomas received a conduct report written by correctional officer Robert Smith ("Smith") charging Thomas with violating prison rules by hitting officer Smith in the eye. The CAB found Thomas guilty after a hearing and after it considered the conduct report, the witnesses' statements, and Thomas' statement that he hit Smith in self-defense. In its findings of fact, the CAB reported that it did not believe Thomas or his witnesses. Accordingly, it recommended confining Thomas to disciplinary segregation for two years (from November 12, 1989 through November 11, 1991), that he be deprived of his good-time credits (104 days), and that he be demoted to a lower eligibility class for earning future good-time credits.
 
 
 3
 The parties dispute whether Thomas appealed the CAB's findings and disciplinary recommendation. The state argued that Thomas' claim was procedurally defaulted because he failed to pursue his administrative remedies prior to filing his habeas petition. Thomas countered that he handed his appeal to a prison correctional officer who agreed to slide it under the superintendent's office door. He further argued that he never received a response from this initial appeal and that prison rules precluded him from filing further administrative appeals until he received a response to his first appeal. Moreover, Thomas claimed that he proved these allegations as part of his previous 42 U.S.C. § 1983 suit against the same prison. Because he never received a response regarding his appeal, and since the time for appealing is now over, he requested the district court to deem his administrative remedies exhausted.
 
 
 4
 The district court refused his request noting that nothing in the prior order in the § 1983 suit proved his allegations. Thus, the district court dismissed Thomas' habeas petition, finding that Thomas failed to exhaust his administrative remedies. Thomas now argues that the district court erred in this finding. He points to a settlement agreement that he entered into with the state in regard to his former § 1983 claims against the Westville prison. He contends that as part of the settlement, the state agreed not to oppose his future attempt, if any, to seek habeas relief in regard to the 1989 disciplinary sanctions. Furthermore, he points to a recorded telephone conversation (that was the subject of one of his unsuccessful discovery requests) in which he claims that an assistant Indiana attorney general agreed not to oppose his habeas petition regarding the disciplinary sanctions at issue. In regard to the underlying merits of his habeas petition, Thomas merely claims that he believes he can win because he has witnesses.[2]
 
 
 5
 In Markham v. Clark, 978 F.2d 993, 994-95 (7th Cir.1992), this court explained that although judicial remedies are not provided in Indiana state courts to challenge prison disciplinary sanctions, Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. In Markham, the petitioner failed to appeal the CAB's recommendation to the facility head of the prison where he was incarcerated within ten days as required by the prison rules. We found that the prisoner exhausted his state remedies, but only in the sense that there was no more he could do at the state level to obtain a remedy because the appeal period had passed. Id. at 995.
 
 
 6
 Because Thomas may no longer appeal the CAB's decision, he has similarly exhausted his state remedies. This forfeiture of available state remedies constitutes a procedural default that precludes the availability of habeas relief unless the petitioner can demonstrate "cause" for and "prejudice" from the default, see, e.g., Coleman v. Thompson, 501 U.S. 722, 753 (1991), or that finding a default would result would result in a fundamental "miscarriage of justice," see Murray v. Carrier, 477 U.S. 478 (1986). Prisoners may demonstrate cause for a procedural default by showing that some external factor hindered the prisoner's attempt to comply. Coleman, 501 U.S. at 753 (acknowledging that interference by prison officials may constitute "cause" for a procedural default). Thomas argues that his default should be excused because the prison officials ignored his initial appeal that he says he handed to one of the prison guards who agreed to slide it under the superintendent's door. The state responded by submitting an affidavit from the prison records custodian indicating that no appeal was filed. Notably, this affidavit does not fully counter Thomas' allegations concerning the filing of his initial appeal. But even if we credit these allegations, Thomas' allegations concerning the filing of his initial appeal. But even if we credit these allegations, Thomas admits that he failed to appeal to the next available level of administrative review (to the Prison Disciplinary Review Manager of Adult Operations) provided under Indiana law. He contends that this default also should be excused because the prison's rules effectively precluded such review until he received an answer from his initial appeal. The state disagrees and contends that if Thomas was dissatisfied with the response to his initial appeal, he could have appealed directly to the final reviewing authority, the Disciplinary Review Manager.
 
 
 7
 The district court found that Thomas failed to file an administrative appeal because no proof of it was demonstrated in the court's order disposing of his prior § 1983 case. However, that is not where Thomas said the proof would lie. Rather, he submitted that proof of his allegations would lie in the record (including letters, grievances, and complaints he filed at Westville regarding the prison's failure to respond to his appeal) of the former § 1983 proceeding and especially in a taped telephone conversation that he was unable to locate due to denial of his discovery requests. He characterizes his proof as a "paper trail" that established that he did all he could do administratively in regard to challenging the negative CAB finding. Yet, Thomas significantly failed to submit his "paper trail" to the district court. Nor did he supply the district court with an affidavit to support his allegations. Moreover, we cannot consider the settlement agreement (regarding his former § 1983 claims) that Thomas submitted on appeal because (according to the record) it was not filed in the district court. See Fed.R.App.P. 10(a). In any event, nothing in the settlement agreement appears to substantiate Thomas' claims. Under these circumstances, we have no reason to question the district court's finding that Thomas failed to show cause for his failure to file an administrative appeal. Indeed, Thomas was warned, pursuant to Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir.1982), of the consequence of not presenting evidence by affidavit or otherwise opposing the state's motion for summary judgment.
 
 
 8
 Regardless of whether Thomas demonstrated cause for his procedural default, he clearly has not demonstrated prejudice, nor made a showing of actual innocence or a "fundamental miscarriage of justice" to excuse his procedural default. See generally Boyer v. United States, 55 F.3d 296, 300 (7th Cir.1995), cert. denied, 116 S.Ct. 268 (1995). Thomas did not offer any evidence that he did not commit the battery charged in the conduct report. Moreover, the written record prepared by the CAB was adequate to survive constitutional challenges under Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974), where the Court held that "there must be a written statement by the fact finders as to the evidence relied on and the reasons for the disciplinary action." The CAB's report indicated that it considered the evidence, the conduct report, the witnesses' statements, and Thomas' statements, and that it did not believe Thomas or his witnesses. Hence, it clearly furnished both the grounds for the decision and the essential facts upon which the inferences were based, and thus is constitutionally sufficient. See Forbes v. Trigg, 976 F.2d 308, 319 (7th Cir.1992), cert. denied, 507 U.S. 950 (1993); Saenz v. Young, 811 F.2d 1172, 1174 (7th Cir.1987) ("As there is no mystery about [the CAB's] reasoning process, despite the extreme brevity of its statement of reasons, that statement is not so deficient as to create error of constitutional magnitude."). Accordingly, we AFFIRM the decision of the district court dismissing Thomas' petition for habeas relief.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Although Thomas challenges disciplinary sanctions imposed on him while he was imprisoned at Westville, he is currently imprisoned at Indiana's Maximum Control Complex where Herbert Newkirk is superintendent. Thus, pursuant to Fed.R.App.P. 43(c), the caption has been changed to reflect the correct respondent. Also, as explained in Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir.1996), Indiana's Attorney General, Pamela Carter, is not a proper respondent. Accordingly, she is dismissed from this action, and her name has been removed from the caption
 
 
 [2]
 Notably, this allegation contradicts his statement reported on the conduct report that there were no witnesses