**Rodney W. ROBINSON, Petitioner–Appellant,**

v.

**Rondle ANDERSON, Respondent–Appellee.**

No. 99–3714.

United States Court of Appeals, Seventh Circuit.

Submitted March 12, 2001.*

Decided March 12, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

Before BAUER, KANNE, and ROVNER, Circuit Judges.

### ORDER

Rodney Robinson, an Indiana prisoner, appeals the denial of his petition for habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of a prison disciplinary hearing on charges against him. We affirm the district court's denial of Robinson's petition.

On August 13, 1997, Robinson was ordered to provide a blood sample for DNA analysis pursuant to an Indiana statute requiring that individuals convicted of offenses against a person (including murder), burglary, or child solicitation provide a DNA sample for law enforcement identification purposes. IND.CODE § 10–1–9–8 to –10 (2001). Robinson, who does not dispute that he is subject to the DNA statute, refused to allow prison medical personnel to draw his blood and was cited for a disciplinary rule violation. Two days later, on August 15, he was issued a Notice of Disciplinary Hearing, listing his rights and notifying him that the hearing would be held on either August 22 or August 25. Attached to the hearing notice was the conduct report issued against Robinson, which described the charge against him:

> R. Robinson DOC # 940220 was ordered to provide a DNA blood sample, as required by Indiana Code 10–1–9. Upon receiving this order, the above listed offender refused to allow a blood sample to be taken because of just refusing and giving no reason(s). This is in violation of Adult Disciplinary Policy Procedures Code 100—Violation of Any Federal, State, or Local Law.

Robinson signed the receipt of both the hearing notice and the charge.

There is some dispute regarding whether Robinson received a copy of the relevant Indiana Code provision along with the hearing notice on August 15. The hearing notice contains the notation: "Copy State Code," which, the state argues, means that Robinson was given a copy of the code. Robinson, on the other hand, denies receiving a copy of the entire DNA statute until just 17 hours before his hearing, which took place on August 22.

At the disciplinary hearing, the members of the prison's Conduct Adjustment Board ("CAB") considered the conduct report and an oral statement from Robinson. The CAB, in a report of the disciplinary hearing, found Robinson guilty of a "Code 100," meaning a violation of any federal, state, or local law. The CAB identified the conduct report and Robinson's statement as the evidentiary basis for its decision, and explained that it believed the conduct report to be true and accurate. The CAB then imposed sanctions for the offense, including a written reprimand for violating the DNA statute, a demotion in good time credit earning class, and the loss of 90 days of earned good time credits. Robinson appealed the CAB's decision to the prison superintendent. That appeal was denied, as was a second appeal to the Department of Correction's central office.

In February 1998 Robinson filed his petition under § 2254, claiming that the disciplinary proceedings violated procedural due process and that the prison's enforcement of the DNA testing requirement violated equal protection. The district court denied the petition and declined to issue a certificate of appealability. On February 4, 1999, this court granted Robinson's request for a certificate of appealability and remanded the case for further consideration of Robinson's petition. Upon remand, the district court appointed counsel to represent Robinson. At a pretrial conference held on May 10, 1999, the district court denied Robinson's request to expand

discovery and to allow him to ask two prison officials, through interrogatories, when they gave Robinson a copy of the DNA statute. Robinson was granted leave, however, to amend his petition to include Fourth Amendment, Fifth Amendment, Eighth Amendment and Fourteenth Amendment claims. On September 13, 1999, the district court denied the amended petition, concluding that Robinson had not demonstrated the denial of a constitutional right.

On appeal, Robinson primarily argues that he was denied due process in several ways during the CAB disciplinary proceedings, resulting in the loss of earned time credits and the demotion of his credit earning class. Due process in a prison disciplinary proceedings requires written notice of the charge against the inmate at least 24 hours prior to a hearing, the opportunity to present a defense to an impartial decision-maker, and a written explanation of the factfinder's decision that contains the evidence relied upon and the basis for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 563, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Robinson first believes he was denied due process because he was not given a copy of the DNA statute until 17 hours before his hearing, and thus did not have time to prepare an adequate defense. The conduct report that he admits receiving a week before his hearing, however, squarely complies with the dictates of due process. *See Rasheed–Bey v. Duckworth*, 969 F.2d 357, 362 (7th Cir.1992) (due process concerns satisfied when inmates conduct and investigation reports contained "the factual bases" of prison disciplinary charges). The report explains the conduct underlying the charge, that Robinson refused to provide a DNA sample as required by the Indiana DNA statute, Indiana Code 10–1–9, and cites the adult disciplinary policy proce-

dures code number that underlies the violation charge. If the conduct report did not give a factual account of Robinson's alleged violation of the DNA statute, then Robinson might be able to argue that he did not know which portion of the DNA statute was at issue. But the conduct report told him precisely which section of the DNA statute was at issue: the requirement that prisoners who were convicted of certain crimes must provide DNA samples. Because Robinson was given notice of the factual allegations supporting the charge, it is irrelevant that the report does not cite the specific section of the DNA statute or that Robinson may not have been given a copy of the statute until 17 hours before his hearing.

Robinson next contends that his due process rights were violated because "some evidence" does not support the CAB's determination of guilt. We disagree. The "some evidence" standard requires merely that the CAB's decision not be arbitrary or without support in the record. *Gaither v. Anderson*, 236 F.3d 817, 819 (7th Cir.2000). Here, the CAB's decision is supported by the conduct report, which explicitly states that Robinson violated the DNA statute by refusing to give a blood sample. Thus, the conduct report is clearly "some evidence" of Robinson's guilt.

Robinson's contention that members of the CAB were biased against him similarly lacks merit. Robinson asserts that the members of the CAB were biased against him because almost a year earlier, they removed him as a lay-advocate for another inmate in another case. Although it is true that a prisoner has a right to have a disciplinary hearing conducted by an impartial decision maker, *see Wolff*, 418 U.S. at 571, 94 S.Ct. 2963, simply alleging bias is insufficient to support a disqualification. Adjudicators enjoy a presumption

of honesty and integrity, *Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), and thus the constitutional standard for impermissible bias is high. Robinson fails to explain how the CAB's involvement in another case prejudiced his own case. Accordingly, Robinson has not demonstrated that he was denied procedural due process.

■ Robinson also believes that prison officials, in enforcing the Indiana DNA statute, violated his right to equal protection. Robinson, however, did not raise an equal protection claim during his administrative appeals, nor has he alleged cause for his failure to do so and actual prejudice that he has suffered as a result. Therefore, he has procedurally defaulted the issue. *See Dressler v. McCaughtry,* 238 F.3d 908, 914 (7th Cir.2001) (if a petitioner fails to put forward a claim before the state courts, the federal courts cannot consider it unless the petitioner shows cause and prejudice for the default); *see also Markham v. Clark,* 978 F.2d 993, 994 (7th Cir.1992) (for purposes of § 2254, "state courts" includes appeals before prison disciplinary officials).

■ Finally, Robinson contends that the district court erred by denying his request to expand discovery. Unlike other civil proceedings, habeas corpus proceedings do not entitle a prisoner to discovery as a matter of course. *Bracy v. Gramley,* 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). Rather, a petitioner can only obtain discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *Id.* quoting Rule Governing 28 U.S.C. § 2254 Cases 6(a). Because the information that Robinson sought would have been irrelevant to the outcome of the case, the district court acted well within its discretion when denying Robinson's request for discovery. Robinson requested the ability to file interrogatories against two prison officials who could supposedly verify when Robinson received a copy of the DNA statute. But, as explained above, the dispute over when Robinson received the copy is immaterial to the question of whether he received adequate notice of the charges against him. Resolving an irrelevant dispute is not good cause for acquiring discovery, and thus the district court did not err in denying the request.

For the foregoing reasons, the judgment is AFFIRMED.