**Dean E. BLANCK, Petitioner–Appellee,**

v.

**Rondle ANDERSON, Respondent–Appellant.**

**No. 00–1113.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2001.*

Decided Nov. 20, 2001.

Before Hon. COFFEY, Hon. KANNE, and Hon. DIANE P. WOOD, Circuit Judges.

### ORDER

Indiana prisoner Dean Blanck filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his prison disciplinary conviction and loss of 90 days good time for smoking marijuana. The district court ordered the prison disciplinary proceedings reopened to explore whether prison officials had maintained an adequate chain of custody for Blanck's urine sample, which was taken after a guard tracking the smell of marijuana found the glassy-eyed Blanck in his cell. The state appeals, and we reverse.

The state correctly contends that prison officials need not prove a perfect chain of custody for a urine sample used in drug testing. Although the district court did not have the benefit of our published opinion in *Webb v. Anderson*, 224 F.3d 649 (7th Cir.2000), we explained in that case that omissions in the chain of custody do not preclude prison officials from relying on urinalysis reports in disciplinary hearings; all that is required is that the decisions be supported by "some evidence." *See id.* at 651–53.

But we do not rest our decision on *Webb* because Blanck encounters a more fundamental problem. During the disciplinary proceedings Blanck never presented his chain-of-custody argument. State prison-

* Because the appellee has failed to file a brief, the appeal has been submitted without a brief by the appellee. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

ers must first present their claims and arguments in state proceedings before presenting them on federal habeas review. *See Howard v. O'Sullivan,* 185 F.3d 721, 725 (7th Cir.1999); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir.1992). Prisoners who forfeit administrative review by failing to timely utilize the process will procedurally default their claims as a result. *See Markham,* 978 F.2d at 995. That is what happened here, and Blanck, who did not even respond to the state's brief in this appeal, has never attempted to show cause or prejudice to overcome this default. *See Howard,* 185 F.3d at 726.

Accordingly, the judgment of the district court is REVERSED, and this case is REMANDED to the district court with instructions to dismiss Blanck's § 2254 petition with prejudice.