Tim GODBY, Petitioner–Appellant,

v.

Craig A. HANKS, Respondent–Appellee.

No. 01–4307.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 20, 2002.*

Decided Nov. 20, 2002.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

### ORDER

A Wabash Valley Correctional Facility conduct adjustment board ("CAB") found Indiana inmate Tim Godby guilty of aiding and abetting the trafficking of tobacco, sanctioned him with one year in disciplinary segregation, and revoked 180 days of earned-credit time. After exhausting his state remedies, Godby sought a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. The court denied his petition, and Godby appeals. We affirm.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Godby's disciplinary charge stemmed from an investigation into tobacco trafficking at the Wabash Valley Correctional Facility. According to the investigation report, confidential sources provided prison officials with reason to believe Godby and two other inmates, Ulises Ledo and Steven Anderson, were trafficking tobacco. During the investigation prison officials seized property from Anderson, which included two money order receipts documenting $200 and $125 sent from Anderson to Ledo's family and another money order receipt for $200 sent from Godby's family to Anderson's family. Officials searched Ledo's cell and discovered the presence of a strong tobacco odor, tobacco residue on a shelf, clear plastic baggies, and a laundry cap (commonly used to measure tobacco for sale) with a tobacco residue inside. A corrections officer searched Godby and found in his pocket a lighter and a plastic baggie containing a tobacco-like substance. In Godby's cell, corrections officers found a baggie with a tobacco-like substance, a package of Bugler rolling papers, a shampoo bottle with tobacco-like substance traces in the lid, and a green deodorant lid with apparent cigarette residue. On August 22, 2000, Godby was first charged with violating disciplinary code B–245, which prohibits use or possession of tobacco and associated products. On August 28 the CAB instead found him guilty of violating C–353, "unauthorized possession," and imposed a suspended sanction of loss of 30 days of earned-credit time. Godby did not appeal the C–353 ruling within the prison system.

On September 26, 2000, Godby was charged with violations of code A–111 (attempting to commit any Class A offense; aiding commanding, inducing, counseling, procuring or conspiring with another person to commit a Class A offense the same as committing the offense) and A–113 (a class A offense: engaging in trafficking with anyone who is not an offender in the same facility). On October 2, 2000, a CAB found Godby guilty of violating A–111 and A–113 and sanctioned him with a written reprimand, two months without telephone privileges, one year of disciplinary segregation, and revocation of 180 days earned-credit time.

Godby appealed the Class A–111 and A–113 decision to the Indiana Department of Corrections' final reviewing authority, C.A. Penfold, who remanded the case for a rehearing because Godby requested, but was never shown, a photograph of the evidence seized. On January 21, 2001, Godby was notified of the rehearing, which occurred on January 30. Godby again requested a picture of the evidence, as well as the weight of the seized tobacco, and a voice stress test of himself and the two confidential informants. Instead prison officials provided him with a "Notice of Confiscated Property" listing the seized items. Godby was again found guilty, and he appealed the CAB's decision to Penfold, who affirmed. Having exhausted his administrative remedies regarding his A–111 and A–113 offense, Godby filed his § 2254 petition in the district court. On appeal Godby reasserts the arguments he raised in the district court: 1) insufficient evidence supports the CAB's determination; 2) the CAB inadequately stated its reasons for adjudging Godby guilty; and 3) his punishment for trafficking violated the Double Jeopardy Clause of the Fifth Amendment. He also makes two arguments that he failed to present to the final prison reviewing authority or the district court. He contends that he could not adequately marshal a defense to the charge because prison officials failed to provide him a copy of the trafficking statute. And he argues that by denying him the opportunity to view the requested photograph of items seized, prison officials prevented him from presenting exculpatory evidence. But we need not consider these arguments be-

cause Godby forfeited them as potential grounds for relief by leaving them out of his administrative appeal to Penfold. *See* 28 U.S.C. § 2254(b)(1)(A); *Moffat v. Broyles,* 288 F.3d 978, 981–82 (7th Cir. 2002).

■ Because prisoners have a liberty interest in good-time credits, they are entitled to due process before those credits are taken away. *See, e.g., Montgomery v. Anderson,* 262 F.3d 641, 643–44 (7th Cir. 2001). Due process requires only that "some evidence" support a CAB's determination of guilt. *See Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 457, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir.2000). Godby contends the evidence to convict him fell short of even this "meager" level of proof.[1] *See Webb,* 224 F.3d at 652 (7th Cir.2000) (quoting *Hill,* 472 U.S. at 457 (1985)). The CAB credited the investigating officers' conclusion that tobacco was brought into the prison, where Godby purchased and distributed it. The tobacco and rolling papers recovered in Godby's cell in conjunction with the evidence that Godby's family sent $200 to Anderson's family provided ample information to support the CAB's conclusion that Godby participated in tobacco trafficking. His further complaint that "the evidence consisted only of the staff word, and nothing more" is also unavailing, because the conduct report alone constitutes "some evidence." *See McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999).

■ Next Godby attacks the sufficiency of the CAB's statement setting forth the evidence it relied on and the reasons for its decision. He claims the perfunctory phrase, "CAB believes staff C/R and report of investigation to be true and accurate and find [sic] Tim Godby # 880190 guilty" is constitutionally inadequate. The reason given, while brief, suffices because it informs Godby that the Board credited the investigation report connecting him to trafficking activity and the corresponding conduct report detailing the tobacco discovered in his cell. *See Forbes v. Trigg,* 976 F.2d 308, 318 (7th Cir.1992) (statement acceptable if it provides inmate with grounds for decision and essential facts supporting inferences) (citation and internal quotations omitted); *Saenz v. Young,* 811 F.2d 1172, 1174 (7th Cir.1987) (extremely brief statement of reasons constitutionally sufficient where "no mystery" surrounded board's reasoning). Consequently, the CAB's statement, while spare, meets constitutional requirements.

Godby's double jeopardy argument fares no better. He relies entirely on a copy of Penfold's response to Ledo's disciplinary appeal, in which Penfold dismissed Ledo's trafficking sanction with the explanation that it gave "the appearance of double jeopardy." (Although we do not have the record of it, Ledo was also apparently previously found guilty of possession.) We doubt that prison disciplinary proceedings implicate double jeopardy concerns. *See Meeks v. McBride,* 81 F.3d 717, 722 (7th Cir.1996) (acquittal on prison disciplinary charge does not bar subsequent disciplinary proceeding on same charge); *see also Garrity v. Fiedler,* 41 F.3d 1150, 1152–53 (7th Cir.1994) (subsequent criminal prosecution for same conduct that resulted in prison disciplinary sanctions does not implicate the prohibition against double jeopardy); *United States v. Brown,* 59 F.3d 102 (9th Cir.1995) (same); *cf. Montgomery,* 262 F.3d at 646 (prison discipline is not a form of criminal prosecution). But

---

1. In his opening brief Godby attacks the sufficiency of the evidence for the B–245 charge. Because he neither appealed the B–245 violation within the prison's administrative system nor raised it in the district court, we do not consider it. *See, e.g., Markham v. Clark,* 978 F.2d 993, 995 (7th Cir.1992).

we need not reach the issue because Godby has failed to cite any authority for the proposition that receiving multiple prison disciplinary sanctions for the same conduct could constitute double jeopardy. *See* Fed. R.App. P. 28(a)(9) (appellate brief must contain an argument with appellant's contentions and citations to authorities on which appellant relies). Even pro se litigants' briefs must contain arguments with citations to support them. *See Anderson v. Hardman*, 241 F.3d 544, 546 (7th Cir. 2001). And Godby's additional claim that by charging him simultaneously under A–111 and A–113 prison officials somehow violated the prohibition against double jeopardy goes nowhere because he raises it for the first time on appeal. *See* 28 U.S.C. § 2254(b)(1)(A); *Moffat*, 288 F.3d at 981–82 (7th Cir.2001).

AFFIRMED.