**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 26, 2005*
Decided April 29, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-3226

| | |
|---|---|
| DIMETRIUS MUMFORD, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Northern District of Indiana |
| | South Bend Division |
| *v.* | |
| | No. 3:03cv0843 AS |
| JOHN VANNATTA, | |
| *Respondent-Appellee.* | Allen Sharp, |
| | *Judge.* |

## O R D E R

Indiana inmate Dimetrius Mumford petitioned for a writ of habeas corpus, 28 U.S.C. § 2254, after a Conduct Adjustment Board found him guilty of being a "habitual rule violator" and sanctioned him with the loss of 150 days' earned credit time.  On appeal, Mumford challenges two of the violations underlying the habitual rule violator conviction.  We affirm.

On June 19, 2003, a screening officer charged Mumford in a conduct report with being a habitual rule violator, defined by the Adult Disciplinary Procedures for Indiana prisoners as an inmate who has been found "guilty of four Class A, B, or C

---

*After examining the briefs and record, we conclude that oral argument is unnecessary.  Accordingly, this appeal is submitted on the briefs and record.  *See* Fed. R.App.P. 34(a)(2).

rule violations involving four unrelated incidents within the last six months." Mumford exceeded the number of violations required for a habitual rule violator charge because he received six violations in four months. The Conduct Adjustment Board (CAB) conducted a hearing where Mumford pled guilty. Mumford did not appeal his conviction to the facility head or to the final reviewing authority.

The habitual rule violator conviction was based in part on a conduct report from May 30 that charged Mumford with "insolence, vulgarity, or profanity toward staff." Mumford pled guilty to the reduced charge of "disorderly conduct," and lost thirty days of outside recreation. Mumford did not appeal to the facility head or the final reviewing authority.

The habitual rule violator conviction was also based on a conduct report for "refusing to obey an order from a staff member." On June 8, Sergeant Lines stated that during the previous night, he told Mumford to move his mattress and sheeting to the top bunk of his cell and Mumford refused. At the CAB hearing, Mumford stated that he moved his bedding to the top bunk, as ordered, but slept on a desk because he was physically unable to climb to the top bunk. He requested evidence in the form of his "bottom bunk pass" and "medical packet." The CAB nevertheless found him guilty of the charge and sanctioned him sixty days' earned credit time.

Mumford appealed his conviction for refusing to obey an order to Stanley Knight, the facility head. Knight declined to disturb the CAB's findings, but suspended the sanction on the condition that it be reimposed "along with any new and appropriate sanction" if within the next six months Mumford was "involved in any additional conduct incidents." Mumford's credits were reinstated, and there is no evidence that the suspended sanction was ever imposed.

Mumford next appealed his refusal to obey violation to C.A. Penfold, the final reviewing authority, this time arguing that his refusing to obey and disorderly conduct violations were insufficient to support the habitual rule violator conviction. Penfold responded that the sanctions for the refusing to obey and disorderly conduct violations did not constitute grievous losses and that for non-grievous losses the final reviewing authority is the facility head.

Mumford then filed this petition in the district court, challenging the sufficiency of the evidence supporting his habitual rule violator conviction. He contended that there was insufficient evidence to support his refusing to obey violation because he was physically unable to climb to the top bunk, that he was unable to defend against the disorderly conduct charge because he was originally charged with insolence, vulgarity, or profanity toward staff, and that these two

violations constituted grievous losses because they delayed his ability to earn credit by "hamper[ing] his return to a credit class."

On appeal, Mumford renews his arguments that the refusing to obey charge was not supported by sufficient evidence because he was physically unable to comply with the order, and that the reduction of his insolence, vulgarity, or profanity toward staff charge to disorderly conduct deprived him of the opportunity to adequately defend against the charge. He also contends, in an undeveloped argument raised for the first time on appeal, that three of the underlying violations supporting his habitual rule violator conviction arose out of the same incident. Finally, he asserts that he exhausted his administrative remedies with regard to the habitual rule violator conviction because he "mentioned it" when he appealed the disorderly conduct and refusing to obey violations to the final reviewing authority.

Indiana inmates have a liberty interest in earned good time and thus are entitled to basic procedural protections before it can be taken away for misconduct. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001). Due process demands, among other things, that a prison disciplinary board support its findings with "some evidence" in the record. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *see also Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). This is a lenient standard, and "[e]ven 'meager' proof will suffice as long as 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *See Webb,* 224 F.3d at 652 (quoting *Hill*, 472 U.S. at 457). An inmate may challenge in federal court whether a conviction was supported by "some evidence," only where he has raised that issue in all available administrative appeals. *See Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992).

Mumford is not entitled to relief. First, federal review of his habitual rule violator conviction is barred because he did not exhaust his administrative remedies and the time to appeal the conviction has expired. *Markham*, 978 F.2d at 995. Second, Mumford's habitual rule violator conviction is supported by some evidence because even if the two violations he attacks were improperly counted, the four necessary violations remain. *See Webb*, 224 F.3d at 652 . But we cannot directly review the two underlying violations Mumford attacks because neither charge affected the duration of his custody as required for a suit under §2254. *See Sandin v. Connor*, 515 U.S. 472, 486-87 (1995); *Montgomery*, 262 F.3d at 643. Finally, Mumford forfeited his claim that three of the disciplinary charges supporting his conviction were related because he did not present this claim during the prison administrative review process or in the district court. *Hojnacki v. Klein-*

*Acosta*, 285 F.3d 544, 549 (7th Cir. 2002)*; Markham*, 978 F.2d at 995.  Accordingly, we will not disturb Mumford's habitual rule violator conviction.

AFFIRMED.