NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 17, 2007*
Decided October 22, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** DANIEL A. MANION, Circuit Judge

**Hon.** MICHAEL S. KANNE, Circuit Judge

No. 07-1346

RODNEY W. ROBINSON,
　　*Petitioner-Appellant,*

　　　　　*v.*

WALTER E. MARTIN, Superintendent,
Miami Correctional Facility,
　　*Respondent-Appellee.*

Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.

No. 3:06cv0243 AS
Allen Sharp, *Judge.*

## Order

Indiana requires prisoners convicted of certain offenses to submit their DNA to a database. Ind. Code §10-13-6-10. Rodney Robinson has refused to comply with this statute, and when state officials try to take blood samples he fights them off. Each episode earns him discipline, including a loss of good-time credits. He contends in this petition under 28 U.S.C. §2254 that the prison violated the Constitution when it rescinded 180 days of earned-credit time in 2006 for one of these episodes.

Robinson does not contend that Ind. Code §10-13-6-10 suffers from a constitutional infirmity. After *Green v. Berge*, 354 F.3d 675 (7th Cir. 2004), no such argument would be tenable. Instead he says that the state violated the Due Process

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Clause of the Fourteenth Amendment when it would not give him a copy of the statute that he could have used (he says) to "educate" the disciplinary board, and when it failed to produce documentary proof that Sgt. Durham, who tried to collect a DNA sample, is "qualified to draw blood" under Ind. Code §10-13-6-12. The district court denied Robinson's petition, and we are equally unimpressed.

Whether Sgt. Durham received the training required by state law is irrelevant, for §2254 cannot be used to enforce state law. See, e.g., *Estelle v. McGuire*, 502 U.S. 62 (1991). And no rule of federal law requires prisons to hand out extra copies of statutes. Prisoners can look up the law in a library. Robinson does not contend that his prison lacks Ind. Code §10-13-6-10 or that he was unable to use the prison library. Indeed, Robinson has never denied having full knowledge of the statute's contents. The requirement is posted on prison bulletin boards, and Robinson has been disciplined before for his refusal to cooperate. He has sought federal collateral relief and lost. *Robinson v. Anderson*, No. 99-3714 (7th Cir. Mar. 12, 2001) (unpublished order). Federal law requires a prison to notify the subject, in advance of the hearing, of the charge made against him. See *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). That was done; no more is required.

Finally, Robinson says that the evidence was insufficient, but that's frivolous. Robinson knows of his legal obligation (having not only read the statute but also been penalized before for similar defiance). He does not deny that he physically prevented Sgt. Durham from acquiring a blood sample. That's more than enough evidence. See *Superintendent, Massachusetts Correctional Institution at Walpole v. Hill,* 472 U.S. 445 (1985).

AFFIRMED