In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2511

Fred Gaither,

Petitioner-Appellant,

v.

Rondle Anderson,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:00-CV-101 AS--Allen Sharp, Judge.

Submitted December 21, 2000--Decided December 21, 2000/*
Opinion January 16, 2001

Before Bauer, Kanne, and Evans, Circuit Judges.

Per Curiam.  Indiana prisoner Fred Gaither was disciplined for theft and lost 60 days of earned time credit. He challenged the sanction by filing a petition for a writ of habeas corpus under 28 U.S.C. sec. 2254, claiming that he was denied due process because (1) the evidence was insufficient to support a finding of guilt; (2) he was not allowed to view allegedly exculpatory evidence; and (3) he did not receive an impartial hearing. The district court denied relief, and we affirm.

On September 10, 1999, Sergeant Wheeler of Indiana State Prison submitted a report to the Conduct Adjustment Board (CAB), stating that he reviewed a security camera videotape, which showed Gaither taking a mattress from the "E Dorm day room." Gaither was subsequently charged with theft on the basis of this report.

Gaither testified at the ensuing disciplinary hearing, denied that he stole a mattress, and requested to view the security camera videotape. In addition to Gaither's testimony, the CAB had before it the videotape, Sergeant Wheeler's conduct report, and two statements from an Officer Mundt. According to Officer Mundt's statements, he observed Gaither with a mattress on September 10, 1999, but because Gaither "had

just came [sic] off IDU," the officer alleged that "he should not of [sic] had a [mattress]." Officer Mundt further stated that although Gaither claimed that the mattress had been issued to him by the receiving department, Officer Mundt "neither saw [Gaither] or logged him into receiving as receiving anything on [September 10, 1999]," so if Gaither acquired a mattress, "it came from somewhere else."

Based on all the evidence before it, the CAB found Gaither guilty as charged, stating that

C.A.B. considered the offender's statement and the [conduct report] and witness statements. Board members were leaving CCH at date and time of the offender being transfered [sic] to CCH-- offender did have a mattress. Based on offender having mattress at front door and tape does show [sic] offender with mattress, C.A.B. finds offender guilty.

Gaither appealed to the superintendent, who affirmed the CAB's decision. In response to Gaither's request to view the videotape, the superintendent stated that "[t]he cellhouse videotape indicated the opposite of what you testified to and was used as evidence. . . . The administration considers the videotapes generated by the security cameras confidential. They [sic] do not want the offenders to know the capabilities of the cameras for security reasons." On January 13, 2000, the prison's final reviewing authority modified the sanction imposed by the CAB but affirmed the underlying determination of guilt. Gaither then filed his sec. 2254 petition, having exhausted all administrative remedies.

Because Gaither has a liberty interest in the good-time credits at stake in this case, McPherson v. McBride, 188 F.3d 784, 785 (7th Cir. 1999), those credits could not be taken from him without the minimal safeguards afforded by the due process clause of the Fourteenth Amendment. Ponte v. Real, 471 U.S. 491, 495 (1985). Gaither submits that his hearing did not comport with the minimal standards of due process for three reasons. First, he alleges that the CAB's finding of guilt was not supported by "some evidence" as required by Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455-56 (1985). We disagree. The "some evidence" standard is less exacting than the "preponderance of the evidence" standard and requires only that the CAB's decision not be arbitrary or without support in the record. Id. at 457. Here, the videotape, Sergeant Wheeler's conduct report, and Officer Mundt's statements clearly provide "some evidence" to support the

CAB's decision. Cf. McPherson, 188 F.3d at 786 (officer's disciplinary report alone provided "some evidence" to support a finding of guilt).

Gaither next contends that the CAB improperly denied his request to view the security camera videotape. In support of this argument, Gaither cites cases such as Chavis v. Rowe, 643 F.2d 1281 (7th Cir. 1981), in which we held that an inmate is entitled to disclosure of exculpatory evidence in prison disciplinary hearings, unless such disclosure would unduly threaten institutional concerns. Id. at 1285-86. But now, to obtain habeas relief under the Antiterrorism and Effective Death Penalty Act, Gaither must show that his disciplinary hearing "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. sec. 2254(d)(1) (emphasis added); see also Sweeney v. Parke, 113 F.3d 716, 718-19 (7th Cir. 1997). Gaither must, in other words, find support in decisions of the Supreme Court--not extensions of those decisions--in order to prevail. See Evans v. McBride, 94 F.3d 1062, 1065 (7th Cir. 1996) ("[I]f [our circuit's opinions] are extensions of (rather than glosses on) the decisions of the Supreme Court, they provide a poor foundation for relief under the amended sec. 2254."). Chavis and its progeny, however, are clearly extensions of the rule announced in Brady v. Maryland, 373 U.S. 83 (1963), see Chavis, 643 F.2d at 1285-86, and no Supreme Court case has made a similar extension. Gaither therefore cannot obtain relief on this ground.

Furthermore, even if Chavis were to apply to this case, Gaither would still not prevail. Chavis recognizes that its rule requiring disclosure of exculpatory evidence to an inmate is limited to situations in which such disclosure would not create security issues. Chavis, 643 F.2d at 1286. Here, prison officials articulated a legitimate security concern for refusing to disclose the videotape, namely, because they "did not want the offenders to know the capabilities of the cameras for security reasons." Moreover, there is no reason to believe that the contents of the videotape were exculpatory in the Brady sense. The CAB reviewed the videotape and found that it showed Gaither stealing a mattress. Gaither has not identified anything in the record that would undermine this finding, and so we fail to see how disclosure of the videotape would have in any way helped his case./1

We further reject Gaither's argument that he was denied his right to an impartial hearing under Wolff v. McDonnell, 418 U.S. 539, 570-71

(1995). To guard against arbitrary decision making, the impartiality requirement mandates disqualification of a decision maker who is directly or substantially involved in the incident underlying a prison disciplinary hearing, but it does not require disqualification of a decision maker who is only "tangentially involved." Merritt v. De Los Santos, 721 F.2d 598, 601 (7th Cir. 1983). Here, Gaither claims that the CAB members were substantially involved in the incident that was the subject of his hearing because they saw him with a mattress on the day of the alleged theft. But the CAB members did not then write up any reports, interview any witnesses, or otherwise participate in the investigation of the incident. Indeed, there is no suggestion that the CAB members were even aware that the mattress was stolen when they saw Gaither with it. Accordingly, we find that the CAB members were only "tangentially involved" in the incident and that disqualification was therefore not required. Cf. Whitford v. Boglino, 63 F.3d 527, 534 (7th Cir. 1995) (finding no substantial involvement where prison official signed the disciplinary report but was not actively involved in preparing the report or in conducting any portion of the investigation).

For the reasons stated above, the judgment of the district court is AFFIRMED.


/* Although our original disposition of this case was by unpublished order under Circuit Rule 53, we have subsequently decided to reissue the decision as a published opinion.

/1 Because we conclude that Gaither was not entitled to disclosure of the videotape, we decline to consider the respondent's suggestion that the CAB should never be required to disclose security camera videotapes due to safety concerns.