Stephen W. JONES, Petitioner–Appellant,

v.

Gary R. McCAUGHTRY, Respondent–Appellee.

No. 99–3297.

United States Court of Appeals, Seventh Circuit.

Submitted March 30, 2001.*

Decided March 30, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. KANNE, Hon. ILANA DIAMOND ROVNER, Hon. WILLIAMS, Circuit Judges.

### ORDER

Wisconsin prisoner Stephen Jones was disciplined for attempted battery and was sanctioned with a ten-day extension of his mandatory release date, eight days of adjustment segregation, and 360 days in program segregation. He then petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that his disciplinary hearing did not satisfy the minimal standards of due process. The district court concluded that all of Jones's claims were procedurally defaulted and denied his petition. We affirm.

■ In Wisconsin an inmate can obtain state judicial review of a prison disciplinary decision by filing a petition for writ of certiorari in the state circuit court. *See Price v. McCaughtry*, No. 00–1536, 2001 WL 25809, at ¶ 2 (Wis.Ct.App. Jan. 11, 2001); *Peckham v. Krenke*, 229 Wis.2d 778, 601 N.W.2d 287, 289–90 (Wis.Ct.App. 1999). It is undisputed that Jones did not petition for certiorari and that, by the time he brought this federal habeas corpus action, the time period for filing such a petition had expired. The district court therefore thought the dispositive issue in this case to be procedural default and denied Jones's petition, after concluding that he had not shown cause or prejudice for failing to raise his claims in state court.

■ Because we conclude that Jones's claims either fail to state a basis for federal habeas corpus relief or have been waived on appeal, we need not even address whether he established cause and prejudice for his procedural default. As best we can discern from his brief, Jones has abandoned all but two of the claims he raised in the district court: (1) he has new evidence showing actual innocence, and (2) he was not allowed to view allegedly exculpatory pictures and videotapes. With respect to the first of these arguments, the "new" evidence that Jones cites is an alleged admission by an Officer Chaney that Jones did not commit the charged disciplinary offense. But despite the fact that Officer Chaney was present at the scene of the incident, Jones did not attempt to call him as a witness or seek a written statement prior to the disciplinary hearing. The due process clause does not require

later consideration of evidence that could have been but was not presented during a prison disciplinary proceeding. *McPherson v. McBride,* 188 F.3d 784, 786–87 (7th Cir.1999). Rather, like the district court, we look only to whether Jones received the procedural protections due under the Constitution, and so long as he did, subsequent tender of additional evidence is irrelevant to our due process determination. *Id.* at 787.

Jones's second claim—that prison authorities withheld allegedly exculpatory pictures and videotapes in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)—also affords no basis for granting federal habeas corpus relief. As an initial matter, we note that Jones may have waived this argument by failing to raise it in the district court. *Perry v. Sullivan,* 207 F.3d 379, 383 (7th Cir.2000) ("Arguments raised for the first time on appeal are routinely deemed waived."). Although Jones refers to the pictures and videotapes in his complaint, he does so not in support of a *Brady* claim, but in support of his argument that the disciplinary board gave "inadequate notice of the reasons for [its] action." In any event, even if Jones has not waived his *Brady* argument, he still could not obtain relief. Although we have previously held that inmates are entitled to disclosure of exculpatory evidence in prison disciplinary proceedings, *see, e.g., Chavis v. Rowe,* 643 F.2d 1281 (7th Cir.1981), section 2254(d)(1) now requires that Jones rely on decisions of the Supreme Court—not extensions of those decisions—in order to prevail. *Gaither v. Anderson,* 236 F.3d 817, 819–20 (7th Cir.2001); *Sweeney v. Parke,* 113 F.3d 716, 718–19 (7th Cir.1997); *Evans v. McBride,* 94 F.3d 1062, 1065 (7th Cir. 1996). The Supreme Court, however, has not extended *Brady* to the prison disciplin-

ary context. *Gaither,* 236 F.3d at 819–20. Accordingly, Jones cannot obtain relief on this ground.

Finally, we note that Jones makes no argument relating to the district court's denial of the remaining claims in his petition, and so he has waived his right to challenge that denial. *United States v. Jones,* 224 F.3d 621, 626 (7th Cir.2000) (arguments not adequately developed or supported on appeal are waived). Further, even absent waiver, we agree with the district court that Jones has not shown cause for his procedural default of those claims; regardless whether Jones had new evidence regarding one claim, nothing prevented him from timely presenting his remaining arguments to the state courts.

For the above reasons, the judgment of the district court is AFFIRMED.