**Donald LEE, also known as Don Campbell, Petitioner–Appellant,**

v.

**Gerald A. BERGE, Respondent–Appellee.**

No. 00–2880.

United States Court of Appeals, Seventh Circuit.

Submitted July 23, 2001.*

Decided July 25, 2001.

Before Hon. BAUER, Hon. COFFEY, and Hon. WILLIAMS, Circuit Judges.

### ORDER

Donald Lee, a Wisconsin prisoner, appeals the denial of his petition for habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of prison disciplinary proceedings against him. We affirm the district court's denial of Lee's petition.

On September 26, 1995, Lee was issued a conduct report that charged him with conspiracy in violation of the Wisconsin prison code, Wis. Adm.Code § DOC 303.21. The conduct report, authored by a Captain Murack, states that Lee conspired with inmate Devin Holmes to assault prison guard Officer Poellet, and that Holmes attempted to carry out this assault on August 22, 1995 while Poellet was escorting Holmes to recreation. Captain Murack connected Lee to the attempted assault when, during the course of his investigation of Holmes, two confidential informants said they had overheard Lee conspiring with other inmates to assault prison staff and inmates. One of the informants specifically explained that on August 21, 1995 he overheard Lee instruct Holmes to assault Poellet. This informant also stated that at another time and place, he overheard Lee instruct an inmate named Sanders to assault another inmate. A second informant stated that before Lee had been placed in isolation, he overheard Lee discuss killing officers upon being released from segregation and instructing other inmates to assault officers. Based on these

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

confidential informants' statements, Captain Murack alleged in the conduct report that Lee was conspiring with other prisoners to assault prison officers and inmates. Although Captain Murack relayed portions of the statements in his conduct report, he did not attach the full signed statements and Lee was not given an opportunity to review them.

A disciplinary hearing on the charge was held on October 10, 1995, and the disciplinary committee found Lee guilty of conspiracy. Lee appealed this decision to the prison's warden, who remanded the matter on October 24, 1995 for a rehearing so that the committee could consider the confidential informant statements and provide Lee with summaries of the statements. The rehearing was held on November 22, 1995 and Lee was again found guilty of the conspiracy charge. In support of its guilty finding, the committee reasoned:

> After a review of the confidential informant's statements, all statements and exhibits submitted by Lee, and the conduct report, we find that he knowingly and intentionally conspired with another inmate to commit battery against a staff member (Officer Poellot). We also find that he conspired with other inmates to commit battery against staff and inmates.
>
> Inmate witnesses Sanders and Brock both stated that they had no idea why they were called as witnesses on this C.R. We find they had nothing relevant to say in regards to this C.R. The confidential informant's names and complete statements were supplied to this hearing committee and we found the informants to be credible. Their statements were consistent with the incident that took place in the Adjustment Center and with information already known to the security staff.

The committee then sentenced Lee to eight days of adjustment segregation and 360 days of program segregation.

After unsuccessfully appealing this decision to the prison's warden, Lee petitioned the Circuit Court for Dodge County, Wisconsin for a writ of certiorari. The circuit court affirmed the judgment of the disciplinary committee. Lee appealed this decision to the Wisconsin Court of Appeals, and that court also affirmed. *See Lee v. McCaughtry*, No. 96–2719, 1997 WL 280433, 211 Wis.2d 891, 568 N.W.2d 652 (Wis.App. May 29, 1997) (unpublished opinion). Lee's petition for review by the Wisconsin Supreme Court was denied on July 25, 1997 and then Lee filed his federal petition for a writ of habeas corpus pursuant to § 2254. The district court denied the petition and Lee appeals.

Pursuant to Wisconsin Department of Corrections regulation 303.84(g), whenever a prisoner is sentenced to segregation for violating a disciplinary rule, that inmate's mandatory release date is "extended by the number of days equal to 50% of the number of days spent in ... segregation." Wis. Adm.Code § DOC 303.84(g). Because the duration of Lee's sentence was increased as a result of being found guilty of the conspiracy charge, he satisfies the "in custody" requirement necessary to challenge a conviction under 28 U .S.C. § 2254. *See Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir.1997). Furthermore, because the sanction resulting from the disciplinary hearing lengthened Lee's sentence, the hearing implicated a liberty interest requiring due process protection. *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Disciplinary proceedings comply with due process when the inmate receives: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correc-

tional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary actions." *Superintendent, Mass. Correctional Inst. v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Moreover, to withstand a due process challenge, the decision of the prison disciplinary board must be supported by "some evidence." *Id.* Under 28 U.S.C. § 2254(d), we can find a due process violation only if the state court judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

■ On appeal Lee primarily argues that the disciplinary committee's decision is not supported by "some evidence" because the conduct report and statements from the confidential informants are false. In support of this contention, he points to prison records which, he claims, demonstrate that he could not possibly have communicated with other inmates on the day when one of the confidential informants allegedly overheard Lee conspiring with Holmes to attack Officer Poellot. Lee maintains that, on that day, he was housed in an isolation cell with "double doors" which presumably would have prohibited him from communication with other inmates. Lee also cites his own testimony and affidavit and other inmate affidavits submitted to the committee which state that Lee did not conspire with Holmes or any other inmate. The confidential informants also state, however, that either before Lee was placed in isolation or at other places and times apart from his stint in isolation, they overheard Lee instruct inmates to assault prisoners and staff. These statements are not refuted by Lee's placement in isolation on the day of Holmes's attack and, thus, constitute "some evidence" supporting the committee's finding that Lee conspired with other inmates to assault staff and inmates. Further, Lee has not made any legal argument or pointed to any evidence to make us question as unreasonable the state appeals court's decision that the informants's statements were "sufficiently corroborative and consistent" to be reliable. *See Lee,* No. 96–2719, 1997 WL 280433, slip op. at 8 n. 5. And to the extent that the confidential informants' statements, particularly the statement that Lee instructed Holmes to assault Officer Poellot, conflict with evidence Lee offered in support of his defense, we will not question the committee's decision to weigh the evidence against Lee. *See McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999).

■ Lee also contends that Captain Murack wrote the conduct report in retaliation for Lee's filing legal complaints against prison officials. Regardless of whether Lee defaulted this issue by not fairly presenting it to the state courts, retaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process. *McPherson,* 188 F.3d at 787. For the first time in this appeal, Lee extends his retaliation claim to include the members of the disciplinary committee who, he claims, knew that the conduct report was false and thus merely pretended to extend Lee the protections of due process. First, we note that Lee did not raise this argument in the district court and thus it is waived. *See Schoenfeld v. Apfel,* 237 F.3d 788, 793 (7th Cir.2001). In any event, Lee failed to introduce any evidence to suggest that the disciplinary committee members had any personal involvement or awareness of the legal suits that Lee filed. *See Gaither v. Anderson,* 236 F.3d 817, 819 (7th Cir.2000).

In addition, Lee argues without elaboration that the disciplinary committee denied him his constitutional right to call witnesses at the rehearing because the committee automatically summoned his testifying witnesses from the first hearing without permitting him to call new witnesses. Lee, however, does not specify which new witnesses he wanted to call or what material testimony they might have provided. Furthermore, the Wisconsin Court of Appeals addressed this argument, and concluded that Lee was not deprived of his right to call witnesses at the rehearing. In his appellate briefs, Lee offers no argument and cites no legal authority explaining why the state court's disposition of this issue was an unreasonable determination of the facts or an unreasonable application of Supreme Court precedent. Because even pro se litigants must put forward some legal argument in support of their contentions, *Mathis v. New York Life Ins.*, 133 F.3d 546, 548 (7th Cir.1998), we believe Lee has waived the issue. Similarly waived is Lee's contention that the Wisconsin Court of Appeals failed to adequately address his claim that the disciplinary committee did not comment on the credibility of the inmate affidavits that he submitted in his defense. Moreover, Lee also waived several arguments that he raised for the first time in his reply brief, including a challenge to the district court's use of the § 2254(d) standard regarding a petitioner's entitlement to habeas corpus relief. *Multi–Ad Servs., Inc. v. NLRB*, 255 F.3d 363, 373 (7th Cir.2001).

 We additionally reject Lee's argument that he was denied due process because his lay advocate at the rehearing was inadequate. Because there is no federal constitutional right to have a lay advocate in prison disciplinary proceedings, *United States v. Gouveia*, 467 U.S. 180, 185 n. 1, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984); *Wolff v. McDonnell*, 418 U.S. 539, 570, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir.1992), this argument does not state a claim for relief under § 2254. Furthermore, errors of state law are not cognizable on federal habeas corpus review, *Koo v. McBride*, 124 F.3d 869, 874 (7th Cir.1997), and so we reject Lee's plethora of arguments challenging the disciplinary committee's compliance with Wisconsin's administrative code.[1] Finally, Lee asks this court to adopt a new standard for evaluating the reliability of confidential informant statements by requiring that the confidential informant take a lie detector test. Lee cites no legal authority in support of his position and did not present this argument to the district court. Accordingly, we will not consider it.

For the foregoing reasons, we AFFIRM the district court's denial of Lee's petition for a writ of habeas corpus.

---

1. Specifically, we reject Lee's arguments that the disciplinary committee did not follow the 21–day time limit required by Wisconsin Department of Corrections ("DOC") regulation 303.76(3); that a conspiracy charge, as written in DOC regulation 303.21, is a lesser-included offense that cannot stand; that Lee was denied additional time to obtain the facts in violation of DOC regulation 303.76(3); that he was denied the right to an advocate during his rehearing as required by DOC regulation 303.78(2); that he was denied the right to call witnesses at the rehearing in violation of DOC regulation 303.81(3); and that he was not given 24–hours notice of hearing as required by DOC regulation 303.76.