Dwight SARGENT, Jr., Petitioner–Appellant,

v.

Stanley KNIGHT, Respondent–Appellee.

No. 02–3489.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 4, 2003.*

Decided Nov. 4, 2003.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Dwight Sargent, Jr., pro se, Bunker Hill, IN, for Petitioner–Appellant.

Christopher C.T. Stephen, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before BAUER, COFFEY, and KANNE, Circuit Judges.

### ORDER

A prison disciplinary board found that Indiana inmate Dwight Sargent, Jr., had engaged in sexual conduct with a female visitor and punished him by revoking 90 days of good-time and lowering his credit-earning class. Sargent challenged the discipline by petitioning for a writ of habeas corpus, 28 U.S.C. § 2254, arguing as relevant here that he was not permitted to call witnesses and was found guilty based upon inadequate evidence. The district court denied the petition, and we affirm.

Sargent was visiting with Dawn Hutchinson on January 10, 2002, when Officer Unrue abruptly ended their visit. Four days later, Sergeant Cork served inmate Sargent with a conduct report drafted by Officer Hindman, who recounted that he was in the control room when Unrue alerted him to focus a video camera on Sargent and Hutchinson. Hindman said he did so and captured Hutchinson massaging Sargent's groin area. When Cork delivered the conduct report, he obtained Sargent's signature on the screening form, which includes the handwritten notation "May bring statements" as well as a typewritten "XX" by the preprinted words "I do not wish to call any witnesses." At the disciplinary hearing Sargent asserted that the video tape would not show Hutchinson touching him, but otherwise he presented no evidence. The Conduct Adjustment Board found him guilty based on the videotape, the conduct report, and two brief statements written by Officer Unrue. Sargent exhausted his administrative appeals and then turned to federal court.

On appeal Sargent broadly asserts that he was denied due process in the disciplinary proceedings, but we limit our discussion to the arguments he presented in the district court. *See Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 629 (7th Cir. 1998). Indiana prisoners have a protected liberty interest in their good-time credits, *Meeks v. McBride*, 81 F.3d 717, 719 (7th Cir.1996), and credit-earning class, *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003), so they are entitled to the minimum requirements of due process when faced with the loss of either due to alleged misconduct, *see Wolff v. McDonnell*, 418 U.S.

539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Due process mandates that prisoners receive written notice of the charge at least twenty-four hours before the disciplinary hearing, an opportunity to present evidence including witness testimony to an impartial decision maker, a written statement explaining what evidence the decision maker relied upon and the reasons for the disciplinary action, and "some evidence" in the record to support the outcome. *Wolff,* 418 U.S. at 564–66, 570–571; *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *see Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir.2003). Of these, only Sargent's right to present witness testimony and the quantum of proof supporting his disciplinary conviction are at issue.

■ As for the former, Sargent alleged both during his administrative appeals and in the district court that he told Sergeant Cork at screening that he desired to call witnesses, but that Cork responded by checking the "do not wish to call any witnesses" box and writing in "May bring statements." The state has never answered this factual contention, instead representing to the district court—as if undisputed—that if Sargent had just asked, his witnesses "would have been procured." We have held that inmates have a qualified right to present live testimony at disciplinary hearings, *see Piggie,* 344 F.3d at 677, so the state's assertion is unhelpful. Still, even if we accept Sargent's factual allegations as true, he would not be entitled to relief under § 2254 unless he was prejudiced as a result of the state's refusal to allow live testimony. *See id.* at 678 (harmless error analysis applies to prison disciplinary proceedings). In this court Sargent gives no hint about whom he wanted to call or what he expected them to say; thus he fails to identify any conceivable prejudice from the due process violation, if indeed there was one. *See Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir.2003) (error is harmless unless defendant established prejudice from the violation). Accordingly, we cannot conclude that the district court erred in rejecting his claim.

■ That leaves only Sargent's sufficiency-of-the-evidence claim, which is frivolous. The "some evidence" standard is satisfied if there was any evidence to support the finding of guilt, *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir.2000), and a conduct report or witness statement can be enough, *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999); *Gaither v. Anderson,* 236 F.3d 817, 819 (7th Cir. 2000), *overruled on other grounds, White v. Ind. Parole Bd.,* 266 F.3d 759 (7th Cir. 2001). In this instance, both Officers Unrue and Hindman stated in writing that they had witnessed Hutchinson massage Sargent's groin area; Hindman, who became involved only after Unrue had alerted him to point a video camera at the couple, described the conduct as "prolonged." No more evidence was required.

AFFIRMED