Mickey **THOMAS**, Petitioner

v.

Daniel **McBRIDE**, Respondent.

No. 3:03CV0789 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 26, 2004.

Mickey Thomas, Westville, IN, for Pro se.

Kelly B. Smith, Indiana Attorney General, Indianapolis, IN, for Respondent.

### MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

## I. BACKGROUND

The Petitioner, Mickey Thomas (hereinafter "Thomas"), is an inmate at the Maximum Control Facility (MCF) in Westville, Indiana. Thomas is a convicted felon serving a sentence imposed by the State of Indiana.

Thomas, proceeding *pro se,* is currently before this Court seeking relief under 28 U.S.C. § 2254. Thomas' writ for Habeas Corpus was filed October 23, 2003 challenging a prison disciplinary proceeding conducted on June 11, 2003. A Response was filed on behalf of the Respondent by the Attorney General of Indiana on December 23, 2003. The Response demonstrates necessary compliance with *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). Thomas thereafter filed a Traverse and Motion on January 5, 2004.

Thomas challenges the June 11, 2003 disciplinary hearing before the Conduct Adjustment Board ("CAB") in which Thomas was found guilty of attempting to traffick designated as MCC 03–06–0001. At the hearing the CAB reviewed a conduct report written by Internal Affairs Officer Whelan. The report was based on an investigation of an incident that was also written by Whelan. The CAB's determination of guilt resulted in a sanction against Thomas of six months deprivation of commissary, phone and recreation privileges, and one year of discipline segregation. The sanction further provided for a reduction of 445–days earned credit time and a one-step demotion in credit class, from Level 2 to Level 3. The relevant facts of the investigation and conduct reports are laid out below.

The reports together allege that Thomas approached a correctional official at MCC and offered the officer $250 to deliver tobacco, Everclear, and other prohibited items into the facility. Further, it is alleged that Thomas arranged for another inmate send $200 to a woman named Sara Carroll under the name of Bobby Biswell. The money sent to Ms. Carroll was for her to purchase he desired items and to pay the MCC official. However, the MCC offi-

cial whom Thomas approached notified the appropriate staff of the offer and an investigation was begun. As part of the investigation, a recorded call was placed to Ms. Carroll. In the recorded conversation, Ms. Carroll revealed that she had expected the correctional officer to call but that she had taken the items back to the store and otherwise spent the $200 in question.

As a result of this call and other information gathered during the investigation a disciplinary hearing was held charging Thomas with attempting to traffick. Thomas received notice of the hearing on June 2, 2003 along with a copy of the conduct report and investigation report. Thomas requested that other offender listed in the report and Ms. Carroll be made available as witnesses. Further, Thomas asked for a copies of the all the documentary evidence mentioned in the conduct report for review. Among the requested documents were copies of notes regarding the trafficking from Thomas to the MCC official and a transcript of the recorded phone interview with Ms. Carroll.

The disciplinary hearing was held on June 16, 2003. At that time Thomas asked the CAB for a continuance so that the documentary evidence and witnesses requested could be produced. Thomas' request was denied and the hearing proceeded. Thomas made additional requests for the phone conversation to be played at the hearing or alternatively that the CAB review that conduct report 'in camera'. These requests were also denied.

The CAB found Thomas guilty of attempting to traffic with staff at the conclusion of the disciplinary hearing and imposed a sanction. The CAB indicated its decision was based on staff reports, Thomas' own statement, physical evidence and the investigation report, specifically two letters in the report written by Thomas to persons outside the prison regarding the attempt to traffick desired materials into the facility. Thomas appealed the finding of guilt and the sanctions to the Facility Head and to the Final Reviewing Authority. Neither appeal proved successful and having thus exhausted his administrative remedies Thomas now seeks Federal Habeas relief. Thomas asserts that the conduct of the CAB amounted to a denial of Due Process because 1) he was denied relevant witnesses without explanation; 2) the finding of guilt was not supported by any evidence presented during the disciplinary hearing; and 3) there was no meaningful explanation of the evidence or reasoning relied on in reaching the determination of guilt.

## II. ANALYSIS

### A. *Jurisdiction and Standard of Review*

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit court within their respective jurisdictions." 28 U.S.C. § 2241 (2000). "A prisoner is entitled to a writ of habeas corpus if he is being held under a state court judgment obtained in violation of the Constitution." 28 U.S.C. § 2254; see also *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1131–32 (7th Cir.1990).

This Court's collateral review is guided by 28 U.S.C. § 2254(b) and the case law expounded in this Circuit. First, this Court must examine the record for alleged constitutional errors. *Bell v. Duckworth*, 861 F.2d 169 (7th Cir.1988), *cert. denied*, 489 U.S. 1088, 109 S.Ct. 1552, 103 L.Ed.2d 855 (1989); see also *Nelson v. McBride*, 912 F.Supp. 403 (N.D.Ind., 1996). Second, this Court does not sit as a de novo trier of the CAB hearing nor does it sit as a Court of general common law review. *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir.1988). Finally, this Court does

not sit to determine question of state law. *Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). With these principals soundly in mind Thomas' Due Process claim are now taken up.

### B. *Due Process*

■ A state prisoner in Indiana has a liberty interest in good-time credits earned and has a right to due process when sanctioned and deprived of this liberty interest. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir.1996). Indiana prison inmates have a protected liberty interest in earned good time credits. *Id.; Sweeney v. Parke,* 113 F.3d 716, 719 (7th Cir.1997) (inmates loss of 180 days' good-time credit constitutes a deprivation of a liberty interest in good-time credits, and an inmate is entitled to due process protection if the State's action will inevitably affect the duration of the sentence); *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (where state created right to good-time and recognized that its deprivation was a sanction authorized for major misconduct, prisoner's interest therein was sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right was not arbitrarily abrogated).

■ Thomas' is entitled to clearly established federal procedural rights, including: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence in defense; (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *McPherson v. McBride,* 188 F.3d 784, 785 (7th Cir.1999); *Superintendent Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 2773–74, 86 L.Ed.2d 356 (1985); *Wolff,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935. In addition, an inmate has

the right to be heard before an impartial decision maker. *Gaither v. Anderson,* 236 F.3d 817, 819 (7th Cir.2000). Finally, due process requires that the determination of guilt must be supported by "some evidence" which constitutes a standard "less exacting than the preponderance of evidence standard and requires only that the CAB's decision not be arbitrary or without support in the record." *Id.* Thomas was given advance notice of the charges against him.

### 1. *Denial of Witness*

■ "The Due Process Clause gives inmates the right to call witnesses and present documentary evidence at a hearing that results in an extension of their incarceration time by demoting their credit-earning class." *Pannell v. McBride,* 306 F.3d 499, 502 (7th Cir.2002) citing *Montgomery v. Anderson,* 262 F.3d 641, 642 (7th Cir.2001). However, the right is not absolute and is limited when permitting a witness would be "unduly hazardous to institutional safety and correctional goals." *Wolff v. McDonnell,* 418 U.S. at 566, 94 S.Ct. at 2980. In *Wolff,* the Court noted that prisoners' rights under the Due Process Clause are subject to restrictions imposed by the nature of the regime to which they have been lawfully committed. *Id.* The potential disruption and interference with safety and swift punishment that calling witnesses may result in, leaves prisoner officials with the discretion to refuse to extend the right to call witnesses when doing such would be inconsistent with institutional safety and correctional goals. *Id.; Superintendent Mass. Corr. Inst. v. Hill,* 472 U.S. at 455, 105 S.Ct. 2768; *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir.1992).

■ Within this discretion due process requires that the prison officials state their reasons for refusing to call witnesses

requested by an inmate at a disciplinary hearing. *Ponte v. Real,* 471 U.S. 491, 495, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985). The reason may be explained as part of the administrative record in the disciplinary hearing or by testimony in court. *Id.* "So long as the reasons are logically related to preventing undue hazards to 'institutional safety or correctional goals', the explanation should meet the due process requirement outlined in *Wolff.*" *Id.*

■■■■ Thomas requested to call the other offender mentioned in the conduct report and Ms. Carroll as witnesses at his hearing. The CAB denied both requests. However, because the denials were accompanied by an explanation for the refusal, Thomas' was afforded sufficient process. The CAB explained that Ms. Carroll was not allowed to testify because the CAB had determined her to be a threat to institutional security and furthermore her visitation privileges had been revoked. The CAB explained that the request for the "other offender as a witness—the one, who sent Ms. Carroll the money" was denied because Thomas could have attempted to traffic with a number of offenders. The failure to specifically name the offender precluded the calling of this witness. Refusing to call the unnamed offender is not inconsistent with the goals of a correctional facility in an attempt to avoid the unnecessary disruption to the institutional community. Neither of the denials amounted to a violation of Thomas' due process rights as each was accompanied by an explanation sufficiently related to preventing hazards to institutional safety and goals and to the swift punishment of institutional violations.

### 2. *Sufficiency of Evidence Presented*

■■■■ The revocation of Thomas' good time credits cannot comport with the minimum requirement of due process "un-less some evidence in the record" supports the finding of the disciplinary board. *Hamilton v. O'Leary,* 976 F.2d 341, 344 (7th Cir.1992), quoting *Hill,* 472 U.S. at 454, 105 S.Ct. 2768. The "some evidence" standard constitutes a standard "less exacting than the preponderance of evidence standard and requires only that the CAB's decision not be arbitrary or without support in the record." *Gaither v. Anderson,* 236 F.3d 817, 819 (7th Cir.2000). The federal court reviewing a decision for "some evidence" is not to "conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson,* 188 F.3d at 785–86; *citing Hill,* 472 U.S. at 455–56, 105 S.Ct. 2768. The relevant inquiry for the reviewing court becomes "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Webb v. Anderson,* 224 F.3d 649, 651 (7th Cir.2000), *citing Hill,* 472 U.S. at 455–56, 105 S.Ct. 2768.

■■■■ The reviewing court must only consider evidence that was presented to the CAB as relevant in the analysis of finding some evidence. "*Hamilton,* 976 F.2d. at 345. The 'some evidence' standard in *Hill* does not permit courts to consider the relative weight of the evidence, therefore the existence of exculpatory evidence is immaterial unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied." *Meeks,* 81 F.3d at 720. So long as the court is satisfied that the evidence the board relied upon presented "sufficient indicia of reliability" the CAB cannot be said to have acted arbitrary. *Id.*

■■■■ The CAB, in finding Thomas guilty of attempting to traffic, did rely on evidence with a "sufficient indicia of relia-

bility." The record reveals that the CAB's determination was based on staff reports, Thomas' own statement, physical evidence and the investigation report written by officer Whalen. Under this Courts narrow review, the evidence the CAB relied on does carry a "sufficient indicia of reliability" to satisfy due process. The evidence relied on does present a factual basis for which the CAB could basis its conclusion of guilt on.

Thomas also alleges that he was denied due process because he was not given an opportunity to review this documentary evidence. Thomas further claims that his letters, which were contained in the investigation report that was relied on to determine guilt, were improperly confiscated. Neither allegation amounts to a deprivation of due process as Thomas claims.

As, with witnesses, a prisoner is not absolutely entitled to review documentary evidence used against him. The due process right is limited when permitting as much would be "unduly hazardous to institution safely and correctional goals." *Wolff,* 418 U.S. at 566, 94 S.Ct. at 2980. Prison officials may exclude evidence from the inmate's hearing to ensure institutional safety or correctional goals. *Pannell v. McBride,* 306 F.3d 499 (7th Cir.2002). So long as the prisoner is given an explanation as to why the request has been denied due process is satisfied. *Id.* Thomas was offered the explanation that review of the evidence was denied due to safety and confidentiality concerns.

Thomas' claim that the letters, which were relied on in the determination of guilt, were improperly confiscated in violation of IDOC policy. This allegation does not state a claim for which habeas corpus relief may be granted. *Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Smith v. Farley,* 858 F.Supp. 806, 810 (N.D.Ind.1993) (noting

that violation of state law is not cognizable under 28 U.S.C. § 2254). Because IDOC is a creature of state authority, violations of IDOC policy generally do not state a claim for federal habeas relief.

3. *Adequacy of Written Explanation of Guilt*

Finally, Thomas alleges that he was not given an adequate written explanation of the CAB finding of guilt in violation of his due process rights. One of the due process rights afforded to each inmate is "a written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken." *Wolff,* 418 U.S. at 545, 94 S.Ct. 2963. Due process is violated when a written statement as to the evidence relied on and the reason for the disciplinary action is not provided. *Chavis v. Rowe,* 643 F.2d 1281, 1286 (7th Cir.1981). The statement of reasons for the decision is required to protect the inmate against possible collateral consequences or challenges and to insure that prison officials acted fairly and not arbitrarily. *Wolff,* 418 U.S. at 545, 94 S.Ct. at 2979; *Chavis,* 643 F.2d at 1287. The explanation of the reasons for the decision further guarantees that being found guilty does not violate the inmate's substantive due process rights by ensuring that guilt is found by the appropriate quantum of evidence. *Id.; Aikens v. Lash,* 514 F.2d 55, 60 (7th Cir.1975).

The kind of statement that will satisfy the constitutional minimum will vary from case to case depending on the severity of the charges, the complexity of the factual circumstances and proof offered by both sides. *Culbert v. Young,* 834 F.2d 624, 631 (7th Cir.1987); *Saenz v. Young,* 811 F.2d 1172 (7th Cir.1987). A less complicated, relatively simple case may satisfy the written explanation requirement by merely stating the board

believed the contents of the conduct report. *Id.* "High discretion is afforded to decisions of prison disciplinary committees for they often must act swiftly and on evidence that would be insufficient in less exigent circumstances." *Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) *Whitford v. Boglino,* 63 F.3d 527, 537 (7th Cir.1995), quoting *Hill,* 472 U.S. at 456, 105 S.Ct. at 2774.

The CAB indicated on the Report of Disciplinary Hearing that Thomas' punishment was based on staff reports, the statement of the offender, letters written by the offender and the investigation report. The explanation given satisfies the minimum requirements of due process and quantum of evidence needed as set out in *Hill.* Though brief, the written statement that the CAB relied on the staff reports, the statement of the offender, the letters written by the offender and the investigation report are sufficient to ensure that Thomas will not suffer collateral consequences and that his finding of guilt was based on the necessary quantum of evidence. The explanation is also sufficient to ensure that the CAB did not act arbitrarily but acted reasonably by virtue of the evidence presented.

### III. CONCLUSION

Review of the record indicates that Thomas was afforded the process he was due and therefore the determination of the CAB is effective and the writ for Habeas Corpus is **DENIED.**

**IT IS SO ORDERED.**