NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

Submitted October 10, 2007[*]
Decided October 15, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 07-1208

| | |
|---|---|
| TANGAYLIA REID, | Appeal from the United States |
| *Petitioner-Appellant,* | District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | |
| | No. 06 C 183 |
| JULIE SMITH, Superintendent, Rockville Correctional Facility, | Richard L. Young, |
| *Respondent-Appellee.* | *Judge.* |

**O R D E R**

Indiana inmate Tangaylia Reid petitioned for a writ of habeas corpus, *see* 28 U.S.C. § 2254, challenging the rulings of separate conduct adjustment boards that she possessed another inmate's property without authorization and was a habitual

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

rule violator. The district court denied the petition. On appeal, Reid argues only that the board which decided the unauthorized-possession charge was biased because its chairman had prior knowledge of her case. We affirm the judgment of the district court.

On May 8, 2006, Correctional Officer Pamela Cottrell saw another prisoner, Patricia Burnett, leave her dormitory carrying a trash bag. Cottrell searched the bag, which contained an afghan belonging to Reid and an envelope addressed to both Reid and inmate Natasha Nix. That envelope contained receipts, correspondence, and photos of Reid and Nix. Cottrell confiscated these items.

Officer Cottrell inventoried the confiscated items, interviewed Burnett and Reid, and filed a written report. According to this report, Reid admitted that she had asked Burnett to wash the afghan and to return the envelope to Nix, who worked in the laundry building. Because Reid did not have permission from prison authorities to possess property belonging to Nix, she was charged with unauthorized possession of property. *See* Indiana Adult Disciplinary Procedures B-215. Burnett also was disciplined as a result of this incident.

The prison served Reid with notice of the charge and a copy of Officer Cottrell's written report. Reid pleaded not guilty to the charge, requested a lay advocate, and stated that she did not wish to call any witnesses. Her hearing took place before a three-member conduct adjustment board, chaired by Donald Albright. That board found her guilty on the unauthorized-possession charge and sanctioned her with the loss of 60 days of earned credit time and three months of disciplinary segregation. In addition, because the unauthorized-possession charge closely followed several other disciplinary cases, Reid then was charged with being a habitual rule violator. *See* Indiana Adult Disciplinary Procedures A-105. A different board found her guilty of that charge and revoked 180 more days of earned credit time.

Meanwhile, before these hearings Reid had filed a grievance complaining that Officer Cottrell had shown the confiscated photographs of Reid, which were of a personal nature, to other prison employees, including Donald Albright. Cottrell responded to the grievance after Reid's disciplinary hearing on the unauthorized-possession charge, and in her response she admitted that she had inventoried the items in the presence of other employees, including Albright. But while it is evident from her grievance that Reid knew before her disciplinary hearing that Albright was aware of the photos before he presided over the hearing, she said nothing about this at the hearing or in her administrative appeals. Both appeals were rejected.

Having exhausted her administrative appeals, Reid filed this action. As relevant here, she claimed that she was denied an impartial decision maker at her

hearing on the unauthorized-possession charge because Albright served as the board chairman after he allegedly reviewed the photos and spoke about them with Officer Cottrell. The district court rejected this contention after the state submitted an uncontested declaration from Albright, who maintained that he observed Cottrell inventorying the contents of the garbage bag after it was seized but did not participate in the process or examine the confiscated items. In its written order, however, the district court erroneously stated that Reid herself, rather than inmate Burnett, was found in possession of the trash bag.

Now on appeal, Reid renews her contention that Albright should have been disqualified from presiding over her disciplinary hearing, and she adds that the district court's misstatement about who was carrying the trash bag led the court to decide this issue incorrectly. As to the latter point, the court's misstatement had no bearing on its legal conclusion that Albright's service as chairman did not undermine Reid's disciplinary conviction, nor does the court's misstatement alter the fact that Reid admitted to Cottrell that she had possessed the items. The only question before us, then, is whether the district court correctly held that Albright was qualified to serve on the board.

An inmate facing disciplinary charges has a right to due process that includes an impartial decision maker. *Wolff v. McDonnell*, 418 U.S. 539, 571 (1974); *Pannell v. McBride,* 306 F.3d 499, 502 (7th Cir. 2002). But that right to due process did not require Albright to recuse himself. Adjudicators are entitled to a presumption of honesty and integrity. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton*, 342 F.3d 660, 667 (7th Cir. 2003); *accord Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995). But the constitutional standard for establishing impermissible bias is high. *Piggie*, 342 F.3d at 666. It is undisputed that Albright was not involved in the case in an investigative capacity, and the fact that he observed some of the evidence before the hearing does not overcome the presumption of honesty. *See Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (rejecting argument that conduct adjustment board biased where board members had witnessed prisoner in possession of property he was later charged with stealing), *overruled in unrelated part by White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001).

Accordingly, the judgment of the district court is affirmed.

AFFIRMED